**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Ngaruiya, | No. CV-26-01331-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Deutsche Bank, Arizona Department of Housing, Quality Loan Service Corporation, McCarthy & Holthus LLP, Select Portfolio Services, Jaspreet Gill, and Does 1-50, | |
| Defendants. | |

## I.    Background

On March 13, 2026, this Court dismissed the complaint in this case and gave Plaintiff leave to amend. (Doc. 7).  On April 2, 2026, Plaintiff filed a 77 page, 18 count amended complaint against 6 different Defendants. (Doc. 15).  In short summary, Plaintiff is suing the Defendants for a foreclosure of her residence in 2022.

## II.    Screening

As the Court stated in the Order of March 13, 2026 (Doc. 7), the standard for screening in forma pauperis complaints is as follows:

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma

pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

### III.   Original Complaint

In dismissing the original complaint, the Court stated,

Grouping Defendants together typically will not survive screening. Specifically, for a complaint to be plausible, it cannot be a "shotgun pleading…. One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). "…[D]istrict courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).
As is relevant here, a particular type of forbidden shotgun pleading is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1288. While Plaintiff at times mentions a particular Defendant in a particular count, she fails to specify that only that Defendant is in that count; and as to some counts she does not mention a particular Defendant at all.
Further, as discussed above, Plaintiff must allege plausible facts to support each count. Pleading conclusions, rather than facts, fails to state a claim. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

(Doc. 7).

## IV.    Amended Complaint

The amended complaint purports to make more of an effort to identify within each of the 18 counts which count is against which Defendant.  (*See* Doc. 15).  However, it still begins with 18 pages of general allegations without any tie to the upcoming 18 causes of action. These first 18 pages are not sufficient to state a claim within the later 18 causes of action. *See Gibson*, 165 F.4th at 1265 ("Factual allegations, however detailed, must be tied to corresponding causes of action."). After the first 18 pages, the amended complaint either groups the Defendants together within a Count or repeats the same conclusory statements as to each Defendant.

For example, Count II is a "Due Process" claim under 42 U.S.C. § 1983 against all six Defendants.  (Doc. 15 at 21-26).  Plaintiff makes the same general allegation against five Defendants; specifically, that each Defendant failed to halt the foreclosure sale when Defendant knew or should have known Plaintiff was involuntarily civilly committed and/or that Plaintiff was entitled to a forbearance from foreclosure as a result of an (unspecified[1]) program from the Arizona Department of Housing.  But Plaintiff makes no specific factual allegation as to each Defendant's alleged duty to prevent the foreclosure or role in the foreclosure.  This fails to state a claim against these five Defendants.

As to the sixth Defendant, Defendant Gill, Plaintiff alleges that he purchased the property after the foreclosure. Accepting this allegation as true, the Court cannot hypothesize what duty he had pre-foreclosure.  Plaintiff further alleges that Defendant Gill had a "due process" duty, after he owned the property, to not proceed with an eviction against her.  Again, the Court cannot hypothesize the due process duty that would apply to Defendant Gill on these facts.  *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (holding that merely invoking "due process" is not sufficient to state a claim).

---

[1] Plaintiff alleges, "Plaintiff submitted a complete loss mitigation application to ADOH under the HAF program." (Doc. 1 at 5).  Plaintiff further alleges that her application was approved. (*Id*.). Plaintiff fails to define the "HAF" program, or cite any statute or regulation to plausibly allege that such a program exempts her from foreclosure.  At best, screen shots attached to the amended complaint at Doc. 15-1 at 10 show that Plaintiff was "eligible for assistance" not that she was, at any time, exempt from foreclosure. *See Martinez v. Cenlar FSB,* No. CV-13-00589-TUC-CKJ, 2014 WL 4354875, at *6 (D. Ariz. Sept. 3, 2014) (explaining one housing program available in Arizona in 2014).

- 3 -

Further, to state a claim for a due process violation, Plaintiff must plausibly allege that each Defendant against whom she brings a claim was acting under color of state law. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011). Plaintiff makes no allegation of "state action" against any Defendant. Threadbare recitals are inadequate to state a claim, and here, the Court does "not have even 'threadbare recitals of the elements of a cause of action'." *Gibson*, 165 F.4th at 1292. Without an allegation of state action by Plaintiff, the Arizona Department of Housing is the only Defendant that the Court could plausibly find to potentially be a state actor.[2]

Thus, Count II fails to state a claim.

By way of further example, Count XVII is against five Defendants, and purports to be a cause of action for "unethical business practices". (Doc. 15 at 67). Plaintiff cites Arizona Revised Statutes §44-1521 et seq. as her legal theory for this cause of action. (*Id.*). After a brief review of this statutory scheme, the Court concludes these statutes give the Arizona Attorney General the power to take certain actions to prevent fraud on consumers. Nothing in this statute appears to: 1) create a private right of action that an individual plaintiff could enforce; or 2) apply to the facts of this case even if a private right of action was available.

Thus, Count XVII fails to state a claim.

By way of further example, in Count IV, Plaintiff alleges a violation of the Dodd-Frank Act against four Defendants. (Doc. 15 at 31). The "Dodd-Frank Act provides no private cause of action." *Dirks v. CitiMortgage, Inc.*, No. 820CV00911JLSJDE, 2020 WL 7089823, at *5 (C.D. Cal. Nov. 19, 2020). Plaintiff also alleges that "Defendants" were "[p]roceeding with foreclosure while reinstatement was active [and] violated federal CFPB mortgage servicing rules…." (Doc. 15 at 34). This statement is both a factual and legal

---

[2] And even as to the Arizona Department of Housing, the Court is skeptical it is a jural entity that can sue and be sued. Additionally, if the State of Arizona is the proper Defendant, it may be immune from suit in federal court. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotation marks omitted). "The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Id.* (citation omitted).

conclusion.

Thus, Count IV fails to state a claim.

On average five Defendants are named in almost every Count of the amended complaint, causing the amended complaint to contain at least 90 different claims (before considering subparts within each Count which are discussed below). It is unreasonable for Plaintiff to write a 77-page wish-list of claims expecting the Court to "imagine" what legal causes of action they might become. *See Gibson*, 165 F.4th at 1289 ("It is not the job of the district courts to …imagine the claims that might fit the facts."). Further, it is unreasonable for the Plaintiff to assume that either the Court or the Defendants will act as a law professor to explain to her the elements of each cause of action so that she may re-plead them in a conclusory fashion.

> [Federal Rule of Civil Procedure 8] requires every "pleading that states a claim for relief [to] contain" three things: "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)–(3). The Supreme Court's decision in *Ashcroft v. Iqbal* supplies the guidelines for applying Rule 8:
>
>> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> 556 U.S. at 678 (citation modified) (quoting *Twombly*, 550 U.S. at 555, 557). *Iqbal* requires attention to the pleading of both facts and law. A complaint may be deficient because it does not provide sufficient facts to support a cause of action; on the other hand, even "well-pleaded facts" are not sufficient if they are accompanied by only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

*Gibson*, 165 F.4th at 1287 (emphasis added).

> …permitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8. Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief. *See Starr*, 652 F.3d at 1212. And accepting such a pleading is inconsistent with Rule 1's dictate that the Federal Rules should "promote the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. It is not just, speedy, or inexpensive to force opposing parties and courts to separate the wheat from the chaff in a complaint.

*Gibson*, 165 F.4th at 1290 (emphasis added).

In the Order of March 13, 2026, this Court already advised Plaintiff of many of these requirements and gave Plaintiff leave to amend. (Doc. 7). However, Plaintiff's amended complaint fails to comply with the basic requirement of Rule 8 that the complaint contain a short, plain statement of the claim against each Defendant. Further, as discussed in the prior Order and above, each claim against each Defendant must be plausible; a claim is not plausible if it is based on only conclusions. (*Id.*).

By way of example, in Count I, Plaintiff alleges conclusory violations of 15 U.S.C. §1692 et seq. (the Fair Debt Collection Practices Act). (Doc. 15 at 18). The Court will discuss the totality of Plaintiff's allegations in Count I.

Plaintiff claims that "Defendants"[3] "Misrepresented and concealed material facts regarding Plaintiff's mortgage status…." (Doc. 15 at 19 ¶74(a)). Plaintiff does not say which Defendant allegedly made what misrepresentation, nor does she say to whom the misrepresentation was made. Plaintiff further claims, "Defendants" "Intentionally misled the courts and Plaintiff by falsely claiming Plaintiff's whereabouts were unknown in order to obtain a default judgment for forcible detainer while Plaintiff was involuntarily committed and mentally incapacitated." (Doc. 15 at 19 ¶74(b)). Plaintiff does not state which court was misled, nor does she state which Defendant did the alleged misleading, nor does she allege a date, time, hearing or court at which the misleading allegedly occurred. Plaintiff further alleges, "Defendants" "Proceeded with the foreclosure sale and subsequent eviction, knowing that Plaintiff had submitted a complete mortgage assistance application, was approved, and could not act to protect her rights." (Doc. 15 at 19 ¶74(c)). Plaintiff does not allege a legal reason why any Defendant could not proceed because she, allegedly, "had an approved application for mortgage assistance." Plaintiff further alleges "Defendants" "Ignored statutory and equitable obligations under Dodd-Frank / CFPB mortgage servicing rules, resulting in the unlawful collection of a debt through foreclosure

---

[3] Count I begins at Paragraph 72. Paragraph 72 lists three Defendants, without elaboration – perhaps indicating that Count I is against only the three listed Defendants. In Paragraph 74, which is still part of Count I, Plaintiff says "Defendants" without elaboration as to whether that encompasses all six Defendants, or only the three listed in Paragraph 72.

and forcible detainer." (Doc. 15 at 19 ¶74(d)). This is a conclusion that incorporates multiple other statutes outside the one the claim purports to be brought under, with no factual or legal elaboration.

Plaintiff then alleges that all of the foregoing violated the Fair Debt Collection Practices Act as follows: "These acts were false, deceptive, and unfair, intended to collect on the debt while Plaintiff was incapacitated, constituting a violation of the FDCPA, including, but not limited to: I. 15 U.S.C. §1692e — prohibiting false, deceptive, or misleading representations in connection with the collection of any debt; II. 15 U.S.C. §1692f — prohibiting unfair or unconscionable means to collect or attempt to collect any debt." (Doc. 15 at 20, ¶75) (emphasis added).

By the Court's review of Count I, Plaintiff has alleged at least 10 factual predicates, under at least 5 legal theories, against 6 separate Defendants. Under this liberal construction, Count I alone potentially alleges as many as 300 distinct violations of the Fair Debt Collection Practices Act. Neither Defendants nor the Court is required to sort through all of these conclusory allegations and legal theories. *See Gibson*, 165 F.4th at 1290 ("Shotgun pleading undermines a fundamental purpose of Rule 8, which is to provide defendants with adequate notice of the plaintiff's claims, including the facts and the legal basis for relief.").

For all of the foregoing reasons, the amended complaint will be dismissed as an impermissible shotgun pleading.

## V.    Leave to Amend

In the previous screening Order, the Court granted Plaintiff leave to amend. (Doc. 7). The Court further stated, "If Plaintiff chooses to amend, she is cautioned that as to each count she must both allege against which Defendant the count is brought, and what facts against that Defendant support that count. [citation omitted] Thus, Plaintiff must allege the material facts in the count itself as to each Defendant against whom that count is brought." (*Id.*).

Plaintiff did not heed the above parameters. She filed an amended complaint that

continues to run afoul of Federal Rules of Civil Procedure 1 and 8.  The Court will give Plaintiff one last opportunity to amend.  If she, for a third time, fails to provide a short, plain, plausible complaint, as to each Defendant, the Court will dismiss this case without further leave to amend.  *See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming the dismissal of an amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal, without leave to amend, of a second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").  In other words, if Plaintiff fails to file a compliant second amended complaint, the Court will determine that any further opportunities to amend would be futile.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (futility alone justifies denying leave to amend); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend).

## VI.    Sanctions

Plaintiff is further cautioned that Federal Rule of Civil Procedure 11 applies to pro se litigants.  *Roberts v. Gallagher, et al.*, No. CV-21-08255-PCT-DJH, 2024 WL 6996849, at *1 (D. Ariz. Mar. 27, 2024).  Rule 11 permits the imposition of sanctions on "attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment." *Id.*  Plaintiff is cautioned that the Court may consider sanctions if she files a second amended complaint that continues to include legally unreasonable claims.

## VII.    Conclusion

Based on the foregoing,

**IT IS ORDERED** that the amended complaint (Doc. 15) is dismissed. Plaintiff has 30 days from the date of this Order to file a second amended complaint.  If Plaintiff fails to file a second amended complaint within this deadline, the Clerk of the Court shall enter judgment dismissing this case.  If Plaintiff files a second amended complaint, it shall not

be served until it is screened.

Dated this 6th day of April, 2026.

James A. Teilborg
Senior United States District Judge